UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR SIMPSON aka A.J. SIMPSON,

       Plaintiff,

                                CASE NO. 2:08-CV-10491
v.                                   HONORABLE AVERN COHN

PATRICIA CARUSO, et al.,

       Defendants.
_____/

**ORDER DISMISSING COMPLAINT
AND DENYING PLAINTIFF'S PENDING MOTIONS**

**I. Introduction**

Arthur Simpson aka A.J. Simpson ("Plaintiff"), a Michigan prisoner proceeding pro se, has filed a "civil complaint" against defendants in which he seeks money damages. As will be explained, the Court has construed the complaint as brought under 42 U.S.C. § 1983. Plaintiff has also filed motions for appointment of counsel, for service, for judgment of contempt, and for a writ under the All Writs Act. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(a). For the reasons that follow, the complaint will be dismissed under 42 U.S.C. § 1997(e)(c) for failure to state a claim upon which relief may be granted and plaintiff's pending motions will be denied.

**II. Discussion**

Under the Prison Litigation Reform Act, ("PLRA"), the Court is required to sua

1

sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). A pro se complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jones v. Duncan, 840 F.2d 359, 361 (6th Cir. 1988).

In his complaint, Plaintiff alleges that his continued incarceration and denial of commutation violates his rights under an extradition treaty between the United States and Great Britain. Plaintiff names Michigan Department of Corrections Director Patricia Caruso and several Michigan Department of Corrections wardens and employees as defendants in this action. He seeks monetary damages and injunctive relief. Although plaintiff does not cite § 1983, a fair reading of the complaint shows that plaintiff is attempting to assert a federal civil rights claim against defendants.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Brock v. McWherter, 94 F.3d 242, 244 (6th Cir.

1996). Despite the liberal pleading standard accorded pro se plaintiffs, the Court finds that the complaint is subject to summary dismissal.

While appropriately construed as a civil rights case, the gravaman of plaintiff's complaint is that he challenges the validity of his continued imprisonment. To that extent, the complaint fails to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, see Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

As applied to plaintiff, if plaintiff were to prevail on his treaty violation and denial of commutation claims, the validity of his continued confinement would be called into

question. Accordingly, such claims are barred by Heck and must be dismissed.

Should plaintiff wish to challenge the constitutionality of his conviction, the proper procedure is to file a habeas case under 28 U.S.C. § 2254. The Court expresses no opinion as to the merits of such a case or whether plaintiff may be otherwise precluded from filing a habeas case.

### III. Conclusion

For the reasons stated above, plaintiff has failed to state a claim upon which relief may be granted under § 1983. Accordingly, the complaint is **DISMISSED**. Given this determination, plaintiff's pending motions for appointment of counsel, for service, for judgment of contempt, and for a writ under the All Writs Act are **DENIED**.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); see also McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.


Dated: February 13, 2008

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Arthur Simpson, 079558, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 on this date, February 13, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160