UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A. J. SIMPSON,

        Plaintiff,

                              CASE NO. 08-CV-10491
v.                              HONORABLE AVERN COHN

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Arthur Simpson aka A.J. Simpson ("Plaintiff"), a Michigan prisoner proceeding pro se, filed a "civil complaint" against defendants in which he sought money damages. The Court construed the complaint as brought under 42 U.S.C. § 1983 and dismissed it for failure to state claim. Before the Court is Plaintiff's Motion for Reconsideration of the Court's order of dismissal.

A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). In this district, plaintiff must show a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof. See E.D. Mich. LR 7.1(g)(3). Having carefully reviewed plaintiff's motion, he has failed to show that he is entitled to reconsideration. Plaintiff essentially repeats the allegations in the complaint which, as explained in the order of dismissal, do not rise to the level of constitutional violations

1

and/or are against individuals entitled to immunity.

Here, as explained in the order of dismissal, plaintiff alleged that his continued incarceration and denial of commutation violates his rights under an extradition treaty between the United States and Great Britain. Plaintiff named Michigan Department of Corrections Director Patricia Caruso and several Michigan Department of Corrections wardens and employees as defendants in this action. He sought money damages and injunctive relief. The Court determined that a fair reading of the complaint showed that plaintiff was asserting a federal civil rights claim against defendants. While plaintiff argues that his reliance on an extradition treaty and citation to various other federal statutes shows his complaint was not brought under § 1983, the Court is satisfied that its decision to construe the complaint as being brought under § 1983 was not erroneous. The Court also explained that to the extent that plaintiff challenges the validity of his continued imprisonment, the proper procedure is to file a habeas case under 28 U.S.C. § 2254.

Accordingly, plaintiff's motion for reconsideration is **DENIED**.

SO ORDERED.


Dated: March 4, 2008         s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Arthur Simpson, 079558, G. Robert Cotton Correctional Facility 3500 N. Elm Road, Jackson, MI 49201 by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160